

Epstein Drangel LLP

60 East 42nd Street, Suite 2520, New York, NY 10165
T: 212.292.5390  •  E: mail@ipcounselors.com
www.ipcounselors.com

> The Court will conduct a bench trial in Courtroom 11D on July 21, 2020 at 11:30 a.m.  Letter motion (DE 86) is denied.
> SO ORDERED.
> Dated:  6/10/2020
>
> P. Kevin Castel
> United States District Judge

June 5, 2020

**VIA ECF**
Hon. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Mattel, Inc. v. 2012Shiningroom2012, et al*.
              Civil Case No. 18-cv-11648 (PKC)
              <u>Pre-Motion Letter</u>

Dear Judge Castel,

    We represent Plaintiff Mattel, Inc. ("Plaintiff" or "Mattel"), in the above-referenced action.[1]  On March 30, 2020, Plaintiff filed its proposed trial documents, including its portion of the proposed joint pretrial order.  (Dkts. 76-79).  The Wang Defendants failed to file their portion of the proposed joint pretrial order by the April 28, 2020 deadline.  Instead, at the Final Pre-Trial Conference held on May 14, 2020, the Wang Defendants consented to the entry of the joint pretrial order proposed by Plaintiff, and advised the Court that they have no evidence or witnesses to proffer at trial.  (Dkt. 83).  At this juncture, because the Wang Defendants have stipulated to each and every fact necessary for Plaintiff to establish the Wang Defendants' liability on Plaintiff's trademark infringement and counterfeiting claims and its copyright infringement claims, and pursuant to Your Honor's Individual Practice Rule 3.A., Plaintiff respectfully submits the instant letter in advance of filing a motion for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52.[2]

    Pursuant to Rule 52(c):

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Complaint or Application.
[2] For purposes of this motion, Plaintiff would rely solely on Plaintiff's evidence and the facts stipulated to in the Joint Pre-Trial Order.

Hon. Kevin Castel
Page 2

Rule 52(a) states:

(a) Findings and Conclusions.
(1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

## **Plaintiff's Trademark Infringement and Counterfeiting Claims**

To prevail on Mattel's trademark infringement claims, it must establish that: (1) it had a valid mark entitled to protection under the Lanham Act; and (2) Defendants used a similar mark in commerce in a way that would likely cause confusion among the relevant consuming public. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114-15 (2d Cir. 2006); *The Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996). Under the Lanham Act a "certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark . . . ." 15 U.S.C. § 1057(b). In an action for infringement of a registered mark, "the defendant bears the burden to rebut the presumption of the mark's protectability by a preponderance of the evidence." *Lane Capital Management, Inc. v. Lane Capital Management, Inc.,* 192 F.3d 337, 345 (2d Cir. 1999).

At the Final Pre-Trial Conference for the Wang Defendants advised the Court that they have no evidence or witnesses to proffer at trial. Moreover, through the joint pretrial order, the Wang Defendants concede that Mattel has valid marks entitled to protection under the Lanham Act, and that Mattel's Barbie Marks are valid and incontestable. (Joint Pre-Trial Order ¶¶ 11-14). The Wang Defendants have also conceded that they "manufacture, advertise, market, promote, offer for sale and sell products bearing or used in connection with the Barbie Marks." *Id*. at ¶ 70. The Wang Defendants further stipulate that their products are not authentic Barbie Products and that they were not authorized by Mattel to sell these products. *Id*. at ¶¶ 24, 25, 30, 31, 35, 36, 41, 42, 47, 48, 52, 53, 57, 58, 61, 62, 67, 69. Accordingly, the Wang Defendants acknowledge that they not only use similar marks to the Barbie Marks, but that they use the Barbie Marks in connection with the sale of their Counterfeit Products.

Typically, a likelihood of confusion inquiry generally involves an analysis of the factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp*. 287 F.2d 492, 495 (2d Cir. 1961). Yet, "where counterfeit marks are involved, it is not necessary to conduct the step-by-step examination of each *Polaroid* factor because counterfeit marks are inherently confusing." *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010) (internal citations omitted). Instead, "[t]he court need only determine the more fundamental question of whether there are items to be confused in the first place – that is, whether the items at issue . . . are, in fact, counterfeit and whether [d]efendants sold those items, or offered those items for sale." *Id*. at 383 (internal citations omitted).

Here, because counterfeit marks are involved, it is not necessary to perform the *Polaroid* test as the Wang Defendants' counterfeit marks are inherently confusing. Regardless, even if a *Polaroid* analysis were necessary, a straightforward application of the test demonstrates that likelihood of confusion exists in this case.

Finally, because Plaintiff has established, through stipulated facts, that liability for its trademark infringement and counterfeiting claims should be awarded against the Wang Defendants, Plaintiff will also be able to establish that it is entitled to judgment on its claims for false designation of origin, passing off and unfair competition. *Richemont N. Am., Inc. v. Linda Lin Huang*, No. 12 Civ. 4443 (KBF), 2013 U.S. Dist. LEXIS 136790, at *14-16 n.15 (S.D.N.Y. Sep. 24, 2013)

### **Plaintiff's Copyright Infringement Claim**

Under 17 U.S.C. § 501(a), in order to show likelihood of success on the merits of a copyright infringement claim, a given plaintiff must demonstrate: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991)). Defendants have infringed upon the Barbie Works.

With respect to ownership, "[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." *Mint, Inc. v. Iddi Amad*, 2011 U.S. Dist. LEXIS 49813, at *6 (S.D.N.Y. May 9, 2011); *see also* 17 U.S.C. § 410(c). Thus, Plaintiff's certificates of registration for the Barbie Works are *prima facie* evidence of the validity of the copyrights and the facts stated in such registrations, and the Wang Defendants have stipulated to the same. (Joint Pre-Trial Order at ¶¶ 15-16.)

To establish infringement, "the copyright owner must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible [sic] elements of plaintiff's [work]." *Yurman Design, Inc. v. PAJ Inc.,* 262 F.3d 101, 110 (2d Cir. 2001).

A plaintiff may demonstrate actual copying "either by direct or indirect evidence." *P&G v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999) (internal citations omitted). "Indirect copying may be shown by demonstrating that the defendant had access to the copyrighted work and that the similarities between the works are probative of copying." *Id*.

Images of the Wang Defendants' Counterfeit Products compared with Plaintiff's Barbie Works demonstrates that the Wang Defendants copied one or more of the Barbie Works by reproducing and/or displaying substantially similar, if not identical, imitations of the Barbie Works either embodied in the Counterfeit Products themselves and/or in connection with the offering for sale and/or sale of Counterfeit Products.[3] As Plaintiff has demonstrated, the Wang Defendants' imitations of the Barbie Works are virtually indistinguishable therefrom, which, coupled with Plaintiff's significant and widespread advertising efforts, show that Defendants unquestionably had "access" to the Barbie Works. *See id.*; *Mint, Inc.*, 2011 U.S. Dist. LEXIS 49813, at *7; and *Stora v. Don't Ask Why Outfitters,* 2016 U.S. Dist. LEXIS 170172, at *12 (E.D.N.Y. Dec. 7, 2016). The Wang Defendants have stipulated to the fact that Barbie is one of Mattel's most popular and successful brands, and is world famous. (Joint Pre-Trial Order at ¶ 8). The Wang Defendants further concede that Mattel sells its products worldwide through major retailers and online marketplaces. *Id*. at ¶ 7. Accordingly, by the Wang Defendants' own

---

[3] A representative sample of side-by-side comparisons of Plaintiff's Barbie Works to Defendants' Counterfeit Products was annexed to the Scully Dec. filed with Plaintiff's Application as Exhibit A. Should Plaintiff's request to file a motion for judgment be granted, Plaintiff will include a side-by-side comparison of each and every Wang Defendants' Counterfeit Products as compared with Plaintiff's Barbie Works and Barbie Marks.

Hon. Kevin Castel
Page 4

concessions, they unquestionably had access to the Barbie Works, and their infringement of the Barbie Works was willful.

## Conclusion

Plaintiff respectfully submits that by virtue of the Wang Defendants stipulating to each and every fact necessary for Plaintiff to establish its entitlement to liability on its trademark infringement and counterfeiting claims and its copyright infringement claims, it is appropriate for Plaintiff to file a Rule 52 motion for partial judgment on the findings. In the event Plaintiff is entitled to file a Rule 52 motion, and Plaintiff's motion is granted, Plaintiff submits that only a brief bench trial on the issue of damages will be necessary.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**
BY: /s/ Danielle S. Yamali
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391