HE CHENG
robin.cheng@glacier.law
TAO LIU
tao.liu@glacier.law
WEI YANG
wei.yang@glacier.law
GLACIER LAW PLLC
745 5TH AVENUE, SUITE 500
NEW YORK, NY 10151
TEL: 415-549-6699

SHENGMAO MU
mousamuel@whitewoodlaw.com
XUANYE WANG
evelynwang@whitewoodlaw.com
WHITEWOOD LAW PLLC
57 WEST 57TH STREET, 3RD AND
4TH FLOORS
MANHATTAN, NY 10019
TEL: 917-858-8018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTEL, INC., *Plaintiff* v. 2012SHININGROOM2012, ALEXSTORE888, ALIYA_SMILE, BIGMOUTH333, CCS_ONLINE999, CONNIE_MONICA, EBBPOP, EJEWELRYCODE, FANHUASIJIN02, FASHIONJEWELRY20136, FENGHE2012, FLYFLOWER88, FUTALL, GLORYROAD2015, GO-GIFT1225, GYL09047, HANJINGYUHUAONE, HERPOP, HG-TECH-LTD, HMZSLUCK, ILANTE, IN-STYLE1820, JIALU-88, KEEPUPOP, KTMAIL, KZYU_17, LAQ01018, LUCKY992016, MUSENWAIMAO, NEWANG, OVEPOP2009, POPULAR888, PRCBEY, SANTAFE2016, SUMMER*2010*, URCHOICE-LTD, XIAOTWAN_CBQZZ, XYWL722, YUMISELL8, YUNWAWA527 and ZHANYTINO, *Defendants* | 18-cv-11648 (PKC) WANG DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF CONCLUSIONS OF LAW |

## WANG DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF CONCLUSIONS OF LAW

This action arises from, *inter alia*, alleged trademark counterfeiting and infringement pursuant to 15 U.S.C. §§ 1114(1); false designation of origin pursuant to 15 U.S.C. § 1125(a); and copyright infringement pursuant to 17 U.S. Code § 501.

### INTRODUCTION

In accordance with the Court's directives at the July 21, 2020 bench trial of this action, Wang Defendants respectfully submits the instant Memorandum of Law in support of their positions that: **A.** Plaintiff's copyright infringement claim pursuant to 17 U.S. Code § 501 should be rejected because Plaintiff failed to establish a prima facia case of copyright infringement; and **B.** Plaintiff's trademark counterfeiting and infringement claim should be rejected because Plaintiff failed to meet its burden to prove counterfeiting; and Plaintiff failed to provided sufficient evidence to support that "the use of the mark is likely to cause consumers confusion."

### STATEMENT OF FACTS

Wang Defendants incorporates the facts as set forth in the PTO and Defendants' Proposed Findings of Fact and Conclusions of Law into the arguments.

### ARGUMENT

**A.   Copyright Infringement Claims**

To state a claim for copyright infringement, a plaintiff must allege "both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Spinelli v. NFL*, 903 F.3d 185, 197, (2nd Cir. 2018) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). Even if the ownership is established, the owner still has to "demonstrates unauthorized copying" to make a prima facie case. *P&G v. Colgate-Palmolive Co.*, 199 F.3d 74, 77, (2d Cir. 1999) (quoting *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997). Only if the prima facie case of infringement is established, the burden to rebut shift to the defendant. *Id*.

1

1. <u>Because no valid copyrights were identified, Plaintiff did not state a valid copyright right infringement claim against three (3) Defendants go-gift1225, prcbey, ebbpop.</u>

Plaintiff failed to provide that any valid registered copyrights were infringed by products sold by three Defendants go-gift1225, prcbey, ebbpop.

Trial Exhibit PX E listed all alleged-infringing products and corresponding registered copyright work and copyright registration number. However, no valid copyrights were identified in the Trial Exhibit PX E chart as to the alleged infringing products, including go-gift1225 products, prcbey products, and ebbpop products. Further, nothing in the record associates go-gift1225 products, prcbey products, ebbpop products to any of Plaintiff's registered copyrights.

Therefore, Plaintiff has no valid claim against the three (3) Defendants go-gift1225, prcbey, ebbpop for copyright infringement.

2. <u>Plaintiff provided no evidence to prove that the use of copyrights was unauthorized.</u>

The burden is on Plaintiff to establish a prima facia case that the alleged infringing was in fact unauthorized.

In the present case, statements in the Pre-Trial Order specifically limited the scope of the unauthorized conducts of Wang Defendants to "sell" of their products, not "copying." PTO, ¶¶ 25, 31, 36, 42, 48, 53, 58, 62, 69, Dkt. 83. Furthermore, nothing in the record shows that Wang Defendants' copying of the registered works was in fact unauthorized. It is possible that certain products, such as promotional items, bearing authorized copying of the registered works are not authorized for "sell."

Because Plaintiff failed to provide any evidence to establish a prima facia case of copyright infringement against Wang Defendants, the burden does not shift to Wang Defendants. Accordingly, the copyright infringement claim should be rejected.

B.  **Trademark Counterfeiting & Infringement Claims**

1. <u>Burden of Proof for Trademark Counterfeiting & Infringement Allegations.</u>

The party making the allegations of trademark infringement has the burden to prove those allegations by a preponderance of the evidence. *Tiffany (NJ) Inc. v. eBay*, Inc., 576 F. Supp. 2d 463, 493 (S.D.N.Y. 2008) (citing *Merit Diamond Corp. v. Suberi Bros., Inc., No. 94 Civ. 4572 (SHS)*, 1996 U.S. Dist. LEXIS 265, at *2 (S.D.N.Y. Jan. 11, 1996) (holding that trademark infringement must be demonstrated "by a preponderance of the credible evidence"); *McGraw-Hill, Inc. v. Comstock Partners, Inc.*, 743 F. Supp. 1029, 1036 (S.D.N.Y. 1990) (plaintiff must establish "by a preponderance of the evidence that its trademark has been infringed by any of the defendants"); *Savin Corp. v. Savin Group*, 391 F.3d 439, 449 (2d Cir. 2004) ("plaintiff must show a preponderance of the evidence on each element of a claimed violation" of dilution)).

"The burden of showing something by a preponderance of evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence.'" *Id*. (quoting *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997); *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622, (1993)).

2. <u>Plaintiff Failed to State a Valid Trademark Counterfeiting Claim by a Preponderance of the Evidence.</u>

Usually, determining whether an item is counterfeit requires "a physical inspection of the item, and some degree of expertise on the part of the examiner." *Id*. at 472 n7.

In some circumstances, "it is *possible* to determine if an item is counterfeit without physically inspecting the item." *Id*. But it usually "requires someone who has "some degree of expertise" or is "familiar with the products" to make a determination based on a visual examination. *Id*.

3

In the present case, Plaintiff failed to meet its burden of proof. Nothing in the record shows that a physical inspection on Wang Defendants' products was conducted. Further, nothing in the record shows that even a visual inspection by an individual who has some degree of expertise or is familiar with the products in question was performed. No other credible evidence can be taken into consideration to find it in favor of Plaintiff.

Therefore, Plaintiff failed to meet its burden of showing by a preponderance of evidence that Wang Defendants' products are counterfeit.

3. <u>Because no trademarks were infringed, Plaintiff did not state a valid Trademark Infringement Claim against six (6) Defendants lucky992016, popular88, ilante, go-gift1225, prcbey, ebbpop.</u>

A trademark infringement claim under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a), is analyzed by looking to **(1)** whether the plaintiff's mark is entitled to protection, and **(2)** whether defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods. *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 382-83, (S.D.N.Y. 2010) (quoting *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)); *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1074 (2d Cir. 1993).

Here, Trial Exhibit PX E listed all alleged-infringing products and corresponding registered copyright work and copyright registration number. No registered trademarks were identified in the Trial Exhibit PX E chart as to the alleged infringing products, including lucky992016 products, popular888 products, ilante products, go-gift1225 products, prcbey products, and ebbpop products. Further, nothing in the record associates lucky992016 products, popular888 products, ilante products, go-gift1225 products, prcbey products, ebbpop products to any of Plaintiff's registered trademarks.

Therefore, Plaintiff has not stated a valid trademark infringement claim against the six (6) Defendants lucky992016, popular88, ilante, go-gift1225, prcbey, ebbpop.

4. <u>Plaintiff did not prove "likelihood of confusion" by a preponderance of evidence.</u>

To determine whether there is a likelihood of confusion, courts in the Second Circuit generally rely on the eight-factor *Polaroid* test. *Fendi*, 696 F. Supp. 2d, at 383. (citing *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495-96 (2d Cir. 1961)).

However, "where counterfeit marks are involved, it is not necessary to perform the step-by-step examination of each *Polaroid* factor because counterfeit marks are inherently confusing." *Pearson Educ., Inc. v. Labos*, 2019 U.S. Dist. LEXIS 72342, at*13 (S.D.N.Y. Apr. 23, 2019) (quoting *Fendi*, 696 F. Supp. 2d, at 383); *see also Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 454-55 (S.D.N.Y. 2005).

Therefore, where counterfeit marks are involved, the court need only "determine the more fundamental question of whether there are items to be confused in the first place -- that is, whether the items at issue . . . are, in fact, counterfeit and whether defendants sold those items or offered those items for sale." *Id.*; *see also* 15 U.S.C. § 1114(1).

Since Plaintiff claims Wang Defendants' products are counterfeit products, this Court only needs to decide that whether the products at issue are, in fact, counterfeit. As discussed in **Section B.2**, Plaintiff failed to show by a preponderance of evidence that Wang Defendants' products are counterfeit. Thus, Plaintiff failed to prove the "likelihood of confusion" element. Accordingly, the Trademark Infringement Claim against Wang Defendants should be rejected.

5. <u>Plaintiff failed to prove "likelihood of confusion" even if the polaroid test applies.</u>

Even if this Court applies the *Polaroid* test, the outcome is likely the same. The *Polaroid* test includes the following elements: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the

senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

Here, aside from showing that the Barbie Mark is a popular brand, Plaintiff provided no other evidence to support that "the use of the mark is likely to cause consumers confusion." Therefore, the element of "likelihood of confusion" is not proven.

### C. There is No Willfulness Infringement

Even if this Court is convinced that infringement exists in this case, the alleged infringement is not willful.

The factors that support a finding of willfulness in a Lanham Act case mirror those that apply in suits brought under the Copyright Act, 17 U.S.C. § 504(c): a plaintiff must show "**(1)** that the defendant was actually aware of the infringing activity, or **(2)** that the defendant's actions were the result of reckless disregard . . . or willful blindness." *4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 209-210, (2nd Cir. 2019); *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

In the present case, Plaintiff did not call any witnesses at trial. Plaintiffs presented no direct or indirect evidence of Defendants' state of mind regarding the alleged infringing activity. Plaintiff's Trial Exhibit PX E chart listed three (3) Defendants, whose products are not associated with any infringement allegation. This shows Plaintiff's lack of knowledge at to each individual Defendants' products and Defendants' state of mind regarding the alleged infringing.

Defendants seized selling alleged infringing product immediately after the filing of this action. Defendants are citizen of the People's Republic of China, and it was impractical to call on

any Defendant as witness. But since plaintiffs put on no evidence of willfulness, Defendants had nothing to refute. Therefore, the evidence is insufficient to support a finding of willful infringement.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court reject Plaintiff's trademark counterfeiting and infringement claim, and copyright infringement claim.

Respectfully Submitted:

Date: 08/20/2020

/s/ He Cheng
He Cheng
Tao Liu
Wei Yang
SHENGMAO MU
XUANYE WANG

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this August 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date:  08/20/2020                                                                        /s/ He Cheng
                                                                                                                   He Cheng