Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>2012SHININGROOM2012, ALEXSTORE888, ALIYA_SMILE, BIGMOUTH333, CCS_ONLINE999, CONNIE_MONICA, EBBPOP, EJEWELRYCODE, FANHUASIJIN02, FASHIONJEWELRY20136, FENGHE2012, FLYFLOWER88, FUTALL, GLORYROAD2015, GO-GIFT1225, GYL09047, HANJINGYUHUAONE, HERPOP, HG-TECH-LTD, HMZSLUCK, ILANTE, IN-STYLE1820, JIALU-88, KEEPUPOP, KTMAIL, KZYU_17, LAQ01018, LUCKY992016, MUSENWAIMAO, NEWANG, OVEPOP2009, POPULAR888, PRCBEY, SANTAFE2016, SUMMER*2010*, URCHOICE-LTD, XIAOTWAN_CBQZZ, XYWL722, YUMISELL8, YUNWAWA527 and ZHANYTINO,<br><br>*Defendants* | 18-cv-11648 (PKC)<br><br>[~~PROPOSED~~]<br>**FINAL JUDGMENT** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | ccs_online999, ebbpop, go-gift1225, Herpop, ilante, Keepupop, lucky992016 (a/k/a aux992016), ovepop2009, popular888 (a/k/a jingxia2019) and prcbey |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 105 Avenue B, Apt. 4B, New York, New York 10009 |
| **Complaint** | Plaintiff's Complaint filed on December 13, 2018 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 13, 2019 |
| **Delanty Dec.** | Declaration of Lisa Delanty in Support of Plaintiff's Application |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **Barbie Products** | A vast range of commercial products, including, but not limited to, playhouses, toy cars, books, movies, games, puzzles and clothing marketed under the Barbie brand |
| **Barbie Marks** | U.S. Trademark Reg. No. 1,300,766 for "BARBIE" for a variety of goods in Class 28, U.S. Trademark Reg. No. 1,693,139 for "BARBIE" for a variety of goods in Class 25, U.S. Trademark Reg. No. 1,746,477 for "BARBIE" for a variety of goods in Class 28, U.S. Trademark Reg. No. 1,754,535 for "BARBIE" for a variety of goods in |

|  | Class 25, U.S. Trademark Reg. No. 1,773,571 for "BARBIE" for a variety of goods in Class 14, U.S. Trademark Reg. No. 2,040,801 for "BARBIE" for a variety of goods in Class 25, U.S. Trademark Reg. No. 3,287,023 for "BARBIE" for a variety of goods in Class 28, U.S. Trademark Reg. No. 2,087,842 for *Barbie* for a variety of goods in Class 28 and U.S. Trademark Reg. No. 2,639,971 for *Barbie* for a variety of goods in Classes 25 and 28 |
|---|---|
| **Barbie Works** | U.S. Copyright Reg. No. VA 1-884-053, covering the Barbie Silhouette Head, U.S. Copyright Reg. No. VA 1-843-508, covering The Fabulous Life of Barbie Style Guide 2011, U.S. Copyright Reg. No. VA 1-849-098, covering the Barbie 2012 Style Guide, Copyright Reg. No. VA 1-849-097, covering the Barbie 2013 Style Guide, and U.S. Copyright Reg. No. PA 1-647-312, covering Barbie and The Diamond Princess Castle |
| **Counterfeit Products** | Products bearing or used in connection with the Barbie Marks and/or Barbie Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Barbie Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all |

ii

|  | persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **Wang Defendants' Frozen Assets** | The Wang Defendants' Assets from the Wang Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action |
| **Joint PTO** | Joint Pre-Trial Order entered by the Court on May 14, 2020 |

This matter comes before the Court following the July 21, 2020 Bench Trial ("Bench Trial");

The Court, having considered the arguments raised by Plaintiff and the Wang Defendants at the Bench Trial, along with Plaintiff's Proposed Findings of Fact and Conclusions of Law and Memorandum of Law in Support of its Claim for Damages, along with the other pleadings and papers filed in this action;

The Court having entered judgment in accordance with its Findings of Fact and Conclusions of Law (Dkt. 100), finding that **Ya Qin (雅秦)[1] d/b/a lucky992016 (a/k/a aux992016), popular888 (a/k/a jingxia2019) and ilante** illegally copied and infringed Mattel's Barbie Works in violation of 17 U.S.C. § 501;

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

### I.   Damages Award

1) Plaintiff is awarded statutory damages pursuant to 17 U.S.C. § 504(c) against Ya Qin (雅秦), plus post judgment interest in the amount of $200,000.00.

### II.   Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Ya Qin (雅秦), its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Ya Qin (雅秦) (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

---

[1] Ya Qin's (雅秦) addresses are identified in Attachment A annexed hereto.

1

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Barbie Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Barbie Marks and/or incorporating the Barbie Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Barbie Works;

B. directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks or Barbie Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks and Barbie Works to identify any goods or services not authorized by Plaintiff;

D. using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks or Barbie Works, or any other marks or artwork that are confusingly or substantially similar to the Barbie Marks or Barbie Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Ya Qin (雅秦) with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Ya Qin (雅秦) and Ya Qin's (雅秦) commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Ya Qin's (雅秦) User Accounts and/or Merchant Storefronts;

  ii. Ya Qin's (雅秦) Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Ya Qin (雅秦) and by its respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

### III. Temporary Continuance of Asset Restraint

3) IT IS FURTHER ORDERED, as sufficient cause has been shown, that Ya Qin (雅秦) is forbidden to make or suffer any sale, assignment, transfer or interference with any property in

which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

**IV.     Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers**

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Ya Qin's (雅秦) Frozen Assets from the Ya Qin's (雅秦) Frozen Accounts, are, to the extent that Ya Qin's (雅秦) Frozen Assets equal Ya Qin's (雅秦) Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Ya Qin's (雅秦) Damages Award, and Ya Qin's (雅秦) Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of Ya Qin's (雅秦) Frozen Assets in full satisfaction of Ya Qin's (雅秦) Damages Awards, the Financial Institution(s) holding Ya Qin's (雅秦) Frozen Assets and Ya Qin's (雅秦) Frozen Accounts may unfreeze Ya Qin's (雅秦) Frozen Assets and Ya Qin's (雅秦) Frozen Accounts. To the extent that Ya Qin's (雅秦) Frozen Assets are less than Ya Qin's (雅秦) Damages Awards, Ya Qin's (雅秦) Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Ya Qin's (雅秦) Damages Awards and Ya Qin's (雅秦) Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and

5) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies

ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of Ya Qin's (雅秦) Frozen Assets until Plaintiff has recovered the full payment of Ya Qin's (雅秦) Damages Awards owed to it by Ya Qin (雅秦) under this Order, or until further order of this Court; and

6) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Ya Qin's (雅秦) Damages Award owed to it under this Order, in the event that Plaintiff discovers new and/or additional Ya Qin's (雅秦) Assets (whether said assets are located in the U.S. or abroad) and/or Ya Qin's (雅秦) Financial Accounts (whether said account is located in the U.S. or abroad) ("Ya Qin's (雅秦) Additional Assets" and "Ya Qin's (雅秦) Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding Ya Qin's (雅秦) Additional Assets and/or Ya Qin's (雅秦) Additional Financial Accounts ("Financial Institutions Holding Ya Qin's (雅秦) Additional Assets and/or Financial Accounts");

   A. Upon notice of this Order, Financial Institutions Holding Ya Qin's (雅秦) Additional Assets and/or Financial Accounts shall immediately locate Ya Qin's (雅秦) Additional Financial Accounts, attach and restrain Ya Qin's (雅秦) Additional Assets in Ya Qin's (雅秦) Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Ya Qin's (雅秦) Additional Assets and/or Financial Accounts, Financial Institutions Holding Ya Qin's (雅秦) Additional Assets and/or Financial Accounts shall transfer all of Ya Qin's (雅秦) Additional Assets to Plaintiff as partial or full satisfaction of Ya Qin's (雅秦) Damages Award, unless Ya Qin (雅秦) has filed with this Court and served upon Plaintiff's counsel a request that Ya Qin's (雅秦) Additional Assets be exempted from this Order.

## V.   Miscellaneous Relief

7) Any failure by Ya Qin (雅秦) to comply with the terms of this Order shall be deemed contempt of Court, subjecting Ya Qin (雅秦) to contempt remedies to be determined by the Court, but including fines and seizures of property.

8) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this order.

**SO ORDERED.**

SIGNED this  27th  day of  October  , 2020, at     3:30  p.m.

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

# **ATTACHMENT A**

<u>Ya Qin's (雅秦) Addresses:</u>

1. Bantian street, changkeng village, Lane 1, No. 4, 701
   Longgang District, Shenzhen, Guangdong Province, 518129 China

2. No. 5, Xin Tang Er Fang, Bai Shi Zhou
   Shenzhen City, Guangdong Province, China

3. Heng Bang Industrial Park Building No. 4, Tian Tou Ju Wei
   Peng Shan New District, Shenzhen City, Guangdong Province, China

4. Ling Hang Yuan Industrial Park, Ban Xue Gang Street No. 163
   Long Gang District, Shenzhen City, Guangdong Province, 518129 China

5. 202, Lane No. 3, The fifth District of Ma Ti Shan Ban, Xue Gang Street
   Long Gang District, Shenzhen City, Guangdong Province, 518129 China

6. No. 4, Lane No. 1, Chang Keng Village, Ban Tian Street
   Shenzhen City, Guangdong Province, China